IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TRACIE HARDY,**

      **Plaintiff,**

v.                                                                                                     Case 2:18-cv-02210-MSN-cgc

**THE HERSHEY COMPANY,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S SUR-REPLY OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Before the Court are the following motions: Defendant's Motion for Summary Judgment (Docket Entry ("D.E." #22)); Defendant's Motion for Leave to Reply to Plaintiff's Sur-Reply in Opposition to its Motion for Summary Judgment (D.E. #33); and, Plaintiff's Motion for Summary Judgment (D.E. #34). Pursuant to Administrative Order 2013-05, the motions for summary judgment have been referred to the United States Magistrate Judge for Report and Recommendation; the non-dispositive motions have been referred to the United States Magistrate Judge for determination. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED. Further, Defendant's Motion for Leave to Reply to Plaintiff's Sur-Reply in Opposition to its Motion for Summary Judgment is DENIED.

## I. Introduction

### a. Plaintiff's Complaint

On March 27, 2018, Plaintiff filed a *pro se* Complaint (D.E. #1) alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended by the ADA Amendments Acts of 2008 ("ADAAA"). Plaintiff alleges that the Defendant failed to accommodate her disability and committed unlawful retaliation against her. (Compl. ¶ 6). Plaintiff alleges that the discriminatory acts occurred in September 2016 and that Defendant is still committing the acts against her. (*Id*. ¶¶ 7-8). Plaintiff alleges that her disabilities are chronic asthma and "COPD caused by poor ventilation, employees mixing cleaners, chemicals, asbestos, [and] poor sanitation practices." (*Id*. ¶ 9).

Specifically, Plaintiff alleges various difficulties in coming to a resolution of her grievances. Plaintiff claims that a nurse for the Hershey Company, Thomas Sutphin, "based . . . [her] health condition on a personal family members [sic] condition." (*Id*. ¶ 10). She alleges that she was "never given the proper workers comp doctors [sic] panel" and that certain unspecified paperwork was "never filled out." (*Id*.) She states that, "[t]o make matters worse[, she] was placed on short term disability, denied long term then released or pressured to leave the company." (*Id*.) Plaintiff states that the "attorney said I never communicated to Hershey which was not true as the emails will show the burden of proof." (*Id*.) Plaintiff also states that Hershey "never tried to accommodate me after I asked several members of [Management] & HR." (*Id*.)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2016 alleging discrimination on the basis of disability. Plaintiff stated that the discrimination began on September 30, 2016 and was continuing.

Plaintiff was issued a Dismissal and Notice of Rights ("Right to Sue Letter") by the EEOC on January 8, 2018. (Compl. at Exh. 1.)

### b. Pending Motions

#### i. Defendant's Motion for Summary Judgment

On February 4, 2019, Defendant filed its Motion for Summary Judgment. Therein, Defendant asserts that it has already entered into a settlement agreement with Plaintiff releasing it from liability for the claims at issue in the instant case. Defendant argues that summary judgment is proper when such a settlement agreement has been executed. Defendant additionally filed its Statement of Undisputed Material Fact as required by the Local Rules.

On February 15, 2019, Plaintiff filed her response to Defendant's Motion for Summary Judgment (D.E. #28). Plaintiff argues that the settlement agreement did not "waive any of . . . [the] findings" that she sets forth—namely, various factual assertions regarding Plaintiff's alleged disability. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2, ¶ 7; *see also*, *id.* ¶¶ 1-6). In support of this argument, Plaintiff relies on the language contained in the Settlement Agreement governing "Matters Not Waived." (*Id.*) [1]

On February 28, 2019, Defendant filed its Reply in Support of its Motion for Summary Judgment. (D.E. #31). Defendant notes that Plaintiff's Response did not deny any of the asserted facts in its Statement of Undisputed Material Fact. Thus, Defendant requests that the Court deem its facts to be undisputed. Defendant further requests that its Motion for Summary Judgment be granted because "it is beyond genuine dispute that Plaintiff unconditionally released the claims that she now asserts in this action." (Def.'s Reply in Support of Mot. for Summ. J. at 1). Defendant further notes that Plaintiff's assertion regarding the "Matters Not Waived" in the

---

[1] The language of the Settlement Agreement will be set forth, *infra*, Section I.C, in the Proposed Findings of Fact.

Settlement Agreement "conveniently omitted several words and phrases" that apply in her case. (*Id*. at 2).

On March 4, 2019, Plaintiff filed a Sur-Reply in opposition to Defendant's Motion for Summary Judgment without seeking leave of Court to do so. Such a filing is not permitted under Local Rule 56.1. Accordingly, it is RECOMMENDED that this filing be disregarded by the District Court.

On March 13, 2019, Defendant filed a Motion for Leave to File Response to Plaintiff's Sur-Reply. As it has been RECOMMENDED that Plaintiff's Sur-Reply be disregarded as a filing not permitted by the Local Rules, Defendant's Motion to respond thereto is hereby DENIED.

### ii. *Plaintiff's Motion for Summary Judgment*

On March 18, 2019, Plaintiff filed her Motion for Summary Judgment. Therein, Plaintiff states that Defendant "acted with serious and willful disregard or with intent, and I was injured as a result, [so] I should be able to recover damages beyond normal workers' compensation benefits." (Pl.'s Mot. for Summ. J. at 2).

On April 15, 2019, Defendant filed its Response to Plaintiff's Motion for Summary Judgment. (D.E. #35). Defendant asserts that Plaintiff's Motion for Summary Judgement "is her latest attempt to oppose Hershey's MSJ, in what has been a series of documents filed by Plaintiff that have needlessly wasted both the parties' and the Court's resources. (Def.'s Resp. to Pl.'s Mot. for Summ. J. at 1-2). Defendant further argues that her motion "regurgitates the same arguments she has raised in her multiple briefs opposing Hershey's MSJ, and she attaches the same documents that she either attached to her Complaint or her opposing briefs." (*Id*. at 2).

Defendant notes that "[n]one of the numerous documents and briefs filed by Plaintiff . . . dispute any of the material facts cited" in its Motion for Summary Judgment and Statement of Undisputed Material Facts." Defendant argues that, "[i]f anything, Plaintiff's MSJ further *confirms* that she is either (1) seeking to bring ADA claims that accrued during her employment with Hershey and were explicitly released in her Settlement Agreement, or (2) seeking to bring workers' compensation claims that are not proper for this forum and have already been filed with the Bureau of Worker's Compensation." (*Id*. at 2-3).

## II. Proposed Findings of Fact[2]

On December 9, 2016, Plaintiff filed a Charge with the EEOC alleging as follows:

> On December 13, 2015, I was hired with the above named employer. On September 30, 2016, I began having complications with my disability related to the exposure of chemicals at work resulting in me be [sic] placed on short term disability from the job of Sanitation Lead. During my employment, I requested a reasonable accommodation due to my disability and was denied.
>
> On October 11, 2016, I was informed via email by Thomas Sutphin, Company Nurse, that the company does not have any area that allows me to return to work. This is not true.
>
> I believe I have been denied reasonable accommodations and short term disability because of my disability, in violation of the Americans with Disabilities Act, Amendment Act (ADAAA).

(Decl. of Michael J. Puma ("Puma Decl."), Exh. A).

Hershey denied all of the allegations in the Charge but offered Plaintiff a settlement of $2,000.00. (Confidential Settlement Agreement and General Release ("Settlement Agreement"), Puma Decl., Exh. B). The Settlement Agreement acknowledges that the parties:

---

[2] Local Rule 56.1(d) states as follows: "Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." Here, Plaintiff has failed to so respond. Accordingly, it is RECOMMENDED that Defendant's Statement of Undisputed Material Fact be deemed to be undisputed for purposes of the instant motion.

mutually desire to settle and completely resolve the Charge and any and all related issues, claims and disputes between them as set forth herein and terminate the Charge and any and all disputes between them, including but not limited to all claims relating to the Charge, all claims relating to Ms. Hardy's employment with and separation from Hershey, which settlement shall not be deemed or construed to be an admission of liability or wrongdoing by Hershey, but which constitutes a good faith settlement that is being entered into solely to avoid the costs of further investigation of the Charge and possible future litigation.

(*Id*. at 1).

The Settlement Agreement also contains a general release which states as follows:

Ms. Hardy, in full consideration and recognition of the undertaking of Hershey set forth in this Agreement, and intending to be legally bound, does hereby voluntarily resign from her employment with Hershey as of May 18, 2017, and does also hereby REMISE, RELEASE AND FOREVER DISCHARGE Hershey, its parent, subsidiary and affiliated entities, officers, directors, employees and agents, predecessors, successors and assigns, heirs, executors and administrators, of and from all legally waivable actions and causes of actions, suits, debts, claims and demands whatsoever in law or in equity, arising on or before the effective date of this Agreement, which she ever had, now has, or which her heirs, executors or administrators hereafter may have by reason of any matter, cause or thing whatsoever, and particularly, any claims concerning or relating in any way to the Charge, her employment relationship with and separation from Hershey, including, but not limited to, any claims which have been asserted, could have been asserted, or could be asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*., the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*., the Genetic Information Nondiscrimination Act, 42 U.S.C. §§ 2000ff, *et seq*., the Tennessee Human Rights Act, the Tennessee Equal Pay Law, the Tennessee Disability Act, the Tennessee Wage Protection Act, and the Tennessee Occupational Safety and Health Act, all as amended, including any claims arising under any and all other federal state or local laws, any common law claims now or hereafter recognized, including but not limited to all claims from breach of contract or tort claims, and all claims for attorneys' fees and costs.

(*Id*. § 4).

Pursuant to the terms of the Settlement Agreement, Plaintiff's employment with Hershey ended on May 18, 2017. (*Id*. §§ 4, 9). Thus, the Settlement Agreement's general release covers all legally waivable claims arising from and through the end of her employment with Hershey. (*Id*.) At the time Plaintiff signed the Settlement Agreement, she was represented by legal counsel. (*Id*. at § 16.3). Plaintiff received her payment via check pursuant to the terms of her Settlement Agreement on or about May 2, 2017, and that check was deposited by Plaintiff on or about May 22, 2017. (Puma Decl., Exh. C).

### III. Analysis

When it is undisputed that the parties entered into a settlement agreement that releases the defendant from liability for a claim at issue, courts have consistently held that a defendant is entitled to summary judgment. *See, e.g. Tyson v. Assa Abloy Door Grp., LLC*, No. 2:16-02132-STA-cgc, 2016 WL 2903295, at *6 (W.D. Tenn. May 18, 2016) (granting summary judgment and dismissing plaintiff's claims as barred by the terms of a "clear" release); *Flake v. Schrader-Bridgeport Int'l, Inc.*, Nos. 3:07-0925; 3:07-926; 3:07-927, 2011 WL 1106694, at *7 (M.D. Tenn. Mar. 23, 2011), aff'd, 538 F. App'x 604 (6t Cir. 2013) (granting summary judgment where the clear terms of the agreement expressly released defendant from any and all other claims and connection with or related to the litigation); *Duncan v. Union Univ.*, No. 1:09-cv01005-JDB-egb, 2010 WL 5632516, at *1 (W.D. Tenn. Feb 2, 2010) ("Summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement.")

Thus, the sole issue presented in the cross-motions for summary judgment is whether the Settlement Agreement entered into between Plaintiff and Hershey constitutes a release of

7

liability for the claims raised in the instant action. A review of the Settlement Agreement demonstrates that the parties "mutually desire[d] to settle and completely resolve . . . all claims relating to Ms. Hardy's employment with and separation from Hershey." The Settlement Agreement releases Hershey "from all legally waivable actions and causes of actions, suits, debts, claims and demands whatsoever in law or in equity, arising on or before the effective date of this Agreement, which she ever had, [or] now has." It further releases Hershey from "any claims concerning or relating in any way to the Charge, her employment relationship with and separation from Hershey, including, but not limited to, any claims which have been asserted, could have been asserted, or could be asserted" under state and federal law.

Accordingly, it is RECOMMENDED that the Settlement Agreement entered into between Plaintiff and Hershey releases Hershey from any liability for the claims brought by Plaintiff in the Complaint. Thus, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED.

## IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED. It is further ORDERED that Defendant's Motion for Leave to File Response to Plaintiff's Sur-Reply is DENIED.

**DATED** this 20th day of June, 2019.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**