# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

TRACIE HARDY,

    Plaintiff,

v.

                                      Case No. 2:18-cv-2210-MSN-cgc

THE HERSHEY COMPANY,

    Defendant.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment dated June 20, 2019 ("**Report**"). (ECF No. 36.) The Report recommends that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. (*Id.* at PageID 243.) Plaintiff filed objections to the report on June 28, 2019. (ECF No. 37.) For the reasons set forth below, the Court **ADOPTS** the Report. Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**.

## BACKGROUND

As set forth in the Report, Plaintiff filed a *pro se* complaint alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended by the ADA Amendments Act of 2008 (as amended, the "ADA"). Plaintiff alleged that Defendant failed to accommodate her disability and retaliated against her in violation of the ADA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on

December 9, 2019.  The EEOC Charge alleged discrimination on the basis of disability.  The EEOC Charge provided September 30, 2016 as the date discrimination began and indicated the discrimination was continuing on the date the EEOC Charge was filed.  The EEOC issued Plaintiff a Right to Sue letter on January 8, 2018.

Defendant filed a Motion for Summary Judgment on February 4, 2019.  (ECF No. 22.)  In its motion, Defendant argues it is entitled to summary judgment based on a settlement agreement it entered into with Plaintiff ("Settlement Agreement") in which Plaintiff released Defendant from liability for the claims set forth in Plaintiff's complaint.  (*Id.* at PageID 109–11.)  Plaintiff responded on February 15, 2019.  (ECF No. 28.)  In her response, Plaintiff alleges many of the same claims set forth in her complaint, and she asserts that her claim is not covered by the release language in the Settlement Agreement.  (*Id.* at PageID 158.)  Plaintiff further states she "should be able to recover damages beyond normal workers' compensation benefits."  (*Id.* at PageID 158.)

Plaintiff filed a Motion for Summary Judgment on March 18, 2019.  (ECF No. 34.)  Plaintiff's motion reiterates the claims set forth in her complaint and the arguments set forth in her response to Defendant's Motion for Summary Judgment.

The Magistrate Judge found that "the sole issue presented in the cross-motions for summary judgment [was] whether the Settlement Agreement entered into between Plaintiff and [Defendant] constitutes a release of liability for the claims raised in the instant action."  (ECF No. 36 at PageID 249–50.)  After analyzing the language of the Settlement Agreement, the Magistrate Judge recommended finding that the language of the Settlement Agreement did apply to Plaintiff's claims in this matter, and therefore, the Magistrate Judge further recommended that Defendant's Motion for Summary Judgement be granted and Plaintiff's Motion for Summary Judgment be denied.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc.*

*Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

On June 28, 2019, Plaintiff filed "Plaintiff's Appeal of Granted Summary Judgement for Defendants" (ECF No. 37), which this Court construes as objections to the Report. Many of Plaintiff's objections are reiterations of the claims in her complaint, the arguments in her response to Defendant's Motion for Summary Judgment, and the arguments in her Motion for Summary Judgment. However, Plaintiff makes two objections that differ from the claims and arguments she has previously asserted, both of which go to the validity or enforcement of the Settlement Agreement. First, Plaintiff asserts that the Settlement Agreement is not binding because her signature was not notarized; and second, Plaintiff asserts that the Settlement Agreement is not enforceable because it was not signed by anyone on behalf of Defendant. (ECF No. 37 at PageID 252–53.)

Plaintiff's first argument that the Settlement Agreement is not binding because it was not notarized is without merit. The Settlement Agreement does not contain an acknowledgment section or other verification section for a notary to complete, and Tennessee law does not require a settlement agreement, i.e. a contract, to be notarized to be binding upon the signatories. Plaintiff does not assert that the signature is not hers, but merely that her signature was not notarized. For the foregoing reasons, Plaintiff's objection is **OVERRULED**.

Second, Plaintiff asserts that the Settlement Agreement is not binding because it was not signed by Defendant. In support, Plaintiff provides a copy of the Settlement Agreement, which reflects her signature dated May 18, 2017, but no signature of Defendant. (ECF No. 37 at PageID

265–70.) However, Defendant submitted a copy of the Settlement Agreement that shows it was signed by Defendant's plant manager, NaKia Grimes, on June 13, 2017. (ECF No. 22-5 at PageID 123–28.) Plaintiff argues that because the copy of the Settlement Agreement that she received was signed only by her, the Settlement Agreement is not legally enforceable. (ECF No. 37 at PageID 253.)

A settlement agreement is a type of contract and is governed 'by reference to state substantive law governing contracts generally.'" *Cogent Solutions Group, LLC v. Hyalogic, LLC*, 712 F.3d 305, 209 (6th Cir. 2013) (quoting *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)). The Settlement Agreement states that it is interpreted under the laws of Tennessee without regard to conflict of laws principles. (ECF No. 22-5 at PageID 127.) In order for a contract to be enforceable under Tennessee law, "it must result from a meeting of the minds of the parties in mutual assent to the terms . . . ." *Anglo-Danish Fibre Industries, Ltd.*, 2002 WL 1784490, at *4 (quoting *Johnson v. Cent. Nat'l Ins. Co.*, 356 S.W.2d 277, 281 (Tenn. 1962)). "In determining mutuality of assent, courts use an objective standard based on the manifestations of the parties." *Staubach Retail Servs.-Southeast LLC V. H.G. Hill Realty Co.*, 93 S.W.3d 861, 866 (Tenn. Ct. App. 2002) (citing 11 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 30:6 (4th ed. 1999)). Under Tennessee law, it is not necessary that both parties sign a contract to establish mutual assent. *Id.* at 865 ("[A] written contract is not required to be signed to be binding on the parties."). A written contract signed by only one party is binding on the other non-signing party if the non-signing party manifests consent to the contract's terms. *Id.* at 866.

The Settlement Agreement is an enforceable contract. The parties mutually assented to the terms as evidenced by their signatures. Defendant's signature on a date subsequent to that of Plaintiff does not affect the validity of the Settlement Agreement. Even if Defendant had not

5

signed the Settlement Agreement, mutual assent to the Settlement Agreement has been demonstrated through the parties' actions: Defendant issued Plaintiff a check for the amount stated in the Settlement Agreement (less applicable federal, state, and local withholdings) (ECF No. 22-3 at PageID 118; ECF No. 22-6 at PageID 130), and Plaintiff signed the Settlement Agreement and cashed the check (ECF No. 22-5 at PageID 123–28; ECF No. 22-3 at PageID 118–19; ECF No. 22-6 at PageID 130). The Court also notes that Plaintiff was represented by counsel when the Settlement Agreement was negotiated and signed. (ECF No. 22-2 at PageID 115.) For the foregoing reasons, the Court finds the Settlement Agreement enforceable and Plaintiff's objection is **OVERRULED**.

## CONCLUSION

Plaintiff's remaining objections are general objections or merely restate the arguments previously presented and addressed by the Magistrate Judge. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report. For the reasons set forth above, Plaintiff's objections to the Report are **OVERRULED**. Plaintiff's Sur-Reply in opposition to Defendant's Motion for Summary Judgment is disregarded. Plaintiff's Motion for Summary Judgment is **DENIED**. Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**, this 26th day of September, 2019.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE